## STATE *vs.* JOHN BOYD.

1. FOOD—CRIMINAL PROSECUTION—USE OF MILK BOTTLE BELONGING TO ANOTHER.

Under *Rev. St. of* 1915, § 3594 (27 *Del. Laws, c.* 178), providing that no person other than the owner thereof shall use milk bottles without the express permission of the owner, it was no defense that the bottle in question was left with one of defendant's customers in place of one of defendant's bottles.

2. FOOD—CRIMINAL PROSECUTION—SUFFICIENCY OF EVIDENCE.

In such prosecution, a conviction might be had upon a finding beyond reasonable doubt that the bottle belonged to the prosecuting witness and had been used by defendant without the witness' express permission.

*(May* 11, 1915.)

Judges RICE and HEISEL sitting.

*Armon D. Chaytor, Jr.,* Deputy Attorney General, for the state.

*Philip L. Garrett* for defendant.

Court of General Sessions, New Castle County, May Term, 1915.

John Boyd was indicted for delivering milk in a milk bottle belonging to another and having the name and address of such other impressed upon the bottle. Verdict, guilty.

INDICTMENT (No. 45, March Term, 1915) for violation of *Section 3594* of the *Revised Statutes of the State of Delaware of 1915* (27 *Del. Laws, c.* 178).

The defendant, a milk dealer in the City of Wilmington, was charged with having delivered milk to the store of Taylor Cunningham, in the City of Wilmington, in a milk bottle belonging to one William C. Galigna, also a milk dealer in the City of Wilmington, the name and address of said Galigna being impressed upon the bottle.

Upon the question of ownership of the bottle, the defendant, at the trial, attempted to introduce testimony to show that milk bottles are sold from the factory to purchasers having upon them names other than the names of the purchasers. This testimony was objected to by the state, unless it was to be followed by tes-

Charge.

timony connecting it with the bottle in question, and the objection was sustained.

Further facts and contentions appear in the charge of the court.

RICE, J., charging the jury:

Gentlemen of the jury:—John Boyd, the defendant, is charged in this indictment with using a milk bottle, the property of William C. Galigna, without his, the said William C. Galigna's permission, said bottle being used by the defendant in the sale and delivery of milk.

[1] The defendant contends that he was justified in the use of the bottle for the purpose of delivering milk, by reason of the bottle in question being left with one of his customers in place of one of his bottles; that therefore he had the right, in law, to use it.

The statute under which this indictment is found (*Section 3594, Rev. Statutes of 1915*) provides:

"No person, other than the owner or owners thereof, shall hereafter use milk bottles, milk cans, or any other receptacles used in the sale and delivery of milk, cream and other dairy products, without the express permission of the owners of the same."

The defendant requests the court to charge you that if you believe he did secure the milk bottle in question in exchange for one of his bottles which was taken by some one else, the bottle in question being left by that other person, that that would constitute permission within the statute. We decline to so charge you.

The question for your determination is a simple one, namely, whether the defendant used a bottle or other receptacle used in the sale and delivery of milk, without the express permission of the owner of the same.

[2] If you should believe beyond a reasonable doubt, from the evidence in this case that the bottle in question did not belong to the defendant, and did belong to the prosecuting witness, and that the defendant used the bottle without the express permission of the prosecuting witness, or of someone authorized by the prose-

cuting witness to give that permission, your verdict should be guilty. Otherwise your verdict should be not guilty.

(Usual charge on presumption of innocence and reasonable doubt.)

Verdict, guilty.